IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Benfield, #32161A, | ) CIVIL ACTION NO. 9:16-1725-TMC-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Dr. Jules, Nurse Canon, Nurse Barnette and Nurse Oakes, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, a pre-trial detainee at the York County Detention Center, alleges that the Defendants have been deliberately indifferent to his medical needs.

Plaintiff has now filed a motion to dismiss his Complaint, with the reason being stated that he "cannot properly litigate my claim". Pursuant to Rule 41(a)(2), Fed.R.Civ.P., an action in which a responsive pleading has been filed may be dismissed at the Plaintiff's request only by Court order, on terms that the court considers proper. Here, Plaintiff has filed a motion to dismiss this case, apparently because, as a pro se litigant, he has found it difficult to prosecute his claims. This is not an unusual complaint by prisoners who wish to litigate civil cases in this Court without hiring a lawyer. Therefore, while the Court should grant Plaintiff's request to dismiss his case, in light of Plaintiff's pro se status, dismissal of the case should be without prejudice. This would allow Plaintiff to re-file his claims (if he did so within the applicable statute of limitations) if he is able to secure counsel.



Based on the foregoing, it is recommended that the Plaintiff's motion be **granted**, and that this case be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 9, 2016
Charleston, South Carolina



2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

3

